O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| RICARDO QUIROZ,<br><br>   Plaintiffs,<br><br>   v.<br><br>FCA US LLC.,<br><br>   Defendants. | Case № 2:23-CV-06737-ODW (SSC)<br><br>**ORDER REMANDING CASE** |

## I.   INTRODUCTION

On August 21, 2023, the Court ordered Defendant FCA US LLC ("FCA") to show cause why this action should not be remanded for lack of diversity jurisdiction due to an insufficient amount in controversy. (Order to Show Cause ("OSC"), ECF No. 9.)  On September 6, 2023, FCA filed a response to the Court's Order to Show Cause, (FCA Resp., ECF No. 10.), and on September 20, 2023, Plaintiff Ricardo Quiroz filed a brief replying to FCA. (Quiroz Br., ECF No. 12.)  Having reviewed FCA's Notice of Removal and both parties' submissions to the Court's Order to Show Cause, the Court hereby **REMANDS** the action based on FCA's failure to establish that the amount in controversy exceeds $75,000.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On May 28, 2020, Quiroz and FCA entered into a warranty contract regarding a 2018 Jeep Grand Cherokee ("the Subject Vehicle") for a total price of $39,944.96. (Notice of Removal Ex. B to Declaration of Scott S. Shepardson ("Compl."), ¶ 15, ECF No. 1-3.) The warranty contract "included bumper-to-bumper coverage for defects in materials and workmanship for the earlier of 36 Months (3 Years) or 0 miles, a Drivetrain/Powertrain Warranty that covered defects in materials and workmanship for the earlier of 60 Months (5 Years) or 0[*sic*], and California Emissions Warranty that covered defects in materials and workmanship in emissions parts for the earlier of 7 years or 70,000 miles." (*Id*. ¶ 7.) Quiroz alleges that sometime thereafter "[d]efects and nonconformities to warranty manifested themselves within the applicable express warranty period" and that "[t]he nonconformities substantially impaired the use, value and/or safety of the Subject Vehicle." (*Id*. ¶ 16.) Quiroz further alleges that FCA has failed "to remedy the defects and nonconformities . . . or to promptly issue restitution in compliance with the Song-Beverly Act." (*Id*. ¶ 20.)

On June 30, 2023, Quiroz filed this action in Ventura County Superior Court. (Notice of Removal ("NOR") ¶ 12, ECF No. 1.) In the Complaint, Quiroz asserts two causes of action: (1) breach of express warranty in violation of the Song-Beverly Act, and (2) violation of the Song-Beverly Act Section 1793.2. (Compl. ¶¶ 14–37.) Quiroz seeks relief in the form of monetary damages, any "cover" damages under Commercial Code §§ 2711–2712, and Civil Code, § 1794, *et seq.*, incidental and consequential damages, and a civil penalty of up to two times the amount of actual damages pursuant to the Song-Beverly Act. (Compl. ¶¶ 35–37.) On August 16, 2023, FCA removed this case to federal court on the basis of diversity jurisdiction. (*See generally* NOR.) The Court has ordered the parties to show cause why this action should not be remanded for lack of diversity jurisdiction due to an insufficient amount

in controversy. (*See generally* OSC.) The parties have submitted their responses. (*See generally* FCA Resp., Quiroz Br.)

## LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The removing party "bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010).

## III. DISCUSSION

FCA argues that the amount in controversy requirement is met because Quiroz's claims for actual damages, civil penalties, and attorneys' fees, in total, are over $75,000 in controversy. (*See* NOR ¶¶ 10–20.) Here, the amount in controversy is not clearly ascertainable from the face of the complaint. (*See generally* Compl.) Therefore, FCA bears the burden of proving the amount in controversy more likely than not exceeds $75,000.

### A. Actual Damages

Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount

directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This reduction, also known as a mileage offset, reduces the buyer's recovery by an amount directly proportional to the number of miles driven, with each mile driven reducing the purchase price by 1/120,000. *See id.* § 1793.2(d)(2)(C).

Here, FCA and Quiroz agree that actual damages in controversy are $33,666.96, based on a purchase price of $39,944.96 minus an offset of $6,278.00. (Decl. Scott Shepardson ISO FCA Resp. ("Shepardson Decl. ISO FCA") ¶ 10, ECF No. 10-1; Quiroz Br. at 5.[2]) The parties' calculations appear proper under the Song-Beverly damages framework for motor vehicles.

The Court therefore assumes for the purpose of this Order, without making any legal or factual determinations, that the actual damages in controversy in this case are **$33,666.96**.

B. **Civil Penalties**

Next, FCA argues that because the Prayer for Relief in Quiroz's complaint alleges that Quiroz is entitled to a civil penalty of up to two times his actual damages, a potential civil penalty valued at $67,433.92 should be included in the amount in controversy calculation. (Shepardson Decl. ISO FCA ¶ 11.)

The Song-Beverly Act states that "[i]f the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code. § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5. 2019). Instead, district courts regularly find that a Song-Beverly plaintiff's boilerplate allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy. *Estrada v. FCA US LLC*, No. CV 20-10453 PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21,

---

[2] Pinpoint citations to both Plaintiff's and Defendant's Responses refer to the pagination supplied by the CM/ECF System

4

2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and not adequately supported by the facts and evidence"). Instead of simply assuming that a civil penalty will be awarded because one is available, "the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Zawaideh v. BMW of N. AM., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018); *see also Khachatryan v. BMW of N. AM., LLC*, No. CV-21-1290 PA (PDx); 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Here, FCA has not shown by a preponderance of the evidence that a civil penalty would be awarded in this case. In attempting to show that civil penalties are in controversy, FCA relies on conclusory allegations in Quiroz's complaint that he is entitled to "a civil penalty of up to two times the amount of actual damages for FCA US LLC.'S willful failure to comply with its obligations under the Act." (Compl. ¶¶ 25, 37; FCA Resp. 5.) FCA does not point to any allegations in the Complaint that support Quiroz's allegation of "willful" conduct. Cal. Civ. Code. § 1794(c). FCA provides no evidence to support its contention that civil penalties are more likely than not to be awarded. Therefore, the Court does not place civil penalties in its amount in controversy calculation.

C. **Attorneys' Fees**

Lastly, FCA argues that attorneys' fees should be included in the amount in controversy calculation. (FCA Resp. at 5.)

The Song-Beverly Act authorizes the plaintiff to receive attorneys' fees that the court determines to "have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). In the Ninth Circuit, courts can consider attorneys' fees awarded under fee-shifting statutes when assessing the amount in controversy. *Gonzales v. CarMax Auto Superstores,*

*LLC,* 840 F.3d 644, 649 (9th Cir. 2016). However, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id*.

Here, FCA argues that Plaintiff's attorneys in Song-Beverly cases tried or prepared for trial regularly request more than $65,000 in fees. (Shepardson Decl. ISO FCA, ¶ 12.) However, FCA's allegation is conclusory, and FCA does not provide any evidence of this number in their response. Because FCA has failed to meet its burden in proving what amount of attorneys' fees are at stake in this case, the Court does not consider attorneys' fees in its amount in controversy calculation.

### IV. CONCLUSION

For the reasons discussed above, the amount in controversy in this case is **$33,666.96.** Therefore, the Court **REMANDS** this matter to the Superior Court of California, County of Ventura, 800 S. Victoria Ave., Ventura, CA, 93009, Case No. 2023CUBC010889.

**IT IS SO ORDERED.**

**November 29, 2023**

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**